## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 3:14-cv-1132-RJD |
| ) | |
| WILLIAM REESE, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' COMBINED MOTION TO SET ASIDE JUDGMENTAND ENFORCE SETTLEMENT

COMES NOW Plaintiff, David Robert Bentz, by and through his undersigned counsel, and for his response to Defendant's Combined Motion to Set Aside Judgement and Enforce Settlement states as follows:

### Facts and Procedural Background

As the Court is aware, this matter was set for trial on December 10, 2019. On December 3, 2019, the parties notified the Court that they had reached an agreement by which Plaintiff would dismiss his causes of action against the remaining defendants in this action, with prejudice. The matter would then become final for purposes of appeal, and Plaintiff would reserve his right to appeal the due process claims dismissed by this Court in its order of December 4, 2017, which granted partial summary judgment as to counts 2 and 6.

The parties had agreed on a monetary amount of fees and costs that would be waived in other matters totaling approximately $2,800.00. Further, Plaintiff agreed to dismiss certain defendants and certain claims from other actions pending against Illinois Department of Corrections employees. Plaintiff has authorized the undersigned counsel to disclose in general terms aspects of settlement discussions between Plaintiff and counsel as it relates to the issues

raised by Defendants' Motion. This should in no way be considered a waiver of the attorney-client privilege.

In short, after agreeing in principle to the dollar amount of the settlement, Plaintiff and an associate with the undersigned counsel's firm worked together to determine what additional claims and defendants in other matters Plaintiff would be willing to dismiss in order to finalize the settlement. The dismissal of additional claims and defendants in other matters was a mandatory part of the Attorney General's office agreeing to settle the case and forgive the $2,800.00 in fees.

Plaintiff and counsel had some understandable difficulties in addressing this portion of the settlement as Plaintiff did not have access to his legal files in the other matters at issue, so he had to describe the claims and defendants he was willing to dismiss generally. Further, counsel had very limited ability to meet with or speak on the phone with Plaintiff about the settlement due to restrictions resulting from his incarceration.

Ultimately, it was counsel's understanding that she was to select the claims and defendants that were to be dismissed and that she had the authority to do so and to advise this Court that a settlement had been reached prior to the pretrial conference in early December. Plaintiff, however, has advised that he only authorized counsel to select the claims and defendants to be dismissed, but that counsel was then to give Plaintiff an opportunity to review those claims and defendants prior to formalizing a settlement.

Counsel was not made aware of this misunderstanding until well after the parties notified this Court of settlement and counsel presented a formal settlement agreement and release to Plaintiff. Thereafter, counsel worked with Plaintiff and Defendants to attempt to rectify the settlement, but Defendants were unwilling to accept any new or different settlement terms, believing they had a deal already.

Counsel for Defendants then advised counsel for Plaintiff of their intent to file a Motion to Enforce Settlement with the Court.  As such, counsel for Plaintiff believed that the Court would be made aware of the issue involving settlement and would ultimately have to determine whether a settlement had been reached or not.  Counsel for Plaintiff and Defendants were aware of the Court's order indicating that the case would be dismissed by July 6, 2020 if no motion to postpone dismissal was filed.  However, counsel for Plaintiff (apparently mistakenly) believed that (1) Defendants would be filing their Motion to Enforce Settlement and (2) that the case would not be dismissed until close of business on July 6, 2020.

Defendants did e-mail a copy of the Motion to Enforce Settlement to counsel for Plaintiff the morning of July 6, 2020, but this Court entered a Clerk's Judgment at 10:38 a.m., prior to Defendants filing their Motion to Enforce Settlement.  Defendants ultimately filed their Motion on July 15, 2020.

### **The Judgment Should be Set Aside and the Motion to Enforce Settlement Denied**

As an initial matter, both parties ask the Court to set aside the judgment entered on July 6, 2020.  Plaintiff reasonably believed that Defendants would file their Motion to Enforce Settlement and that this would be taken up with the Court.  Further, the Court has wide discretion to set aside a judgment where, as here, justice demands it.  Moreover, the facts and circumstances surrounding the settlement negotiations in this case and Illinois law make clear that no settlement was ever reached.

Defendants attempt to enforce the unsigned settlement agreement by arguing that, under Illinois law, an oral settlement agreement is "valid and binding so long as there is an offer, acceptance, and a meeting of the minds on all materials terms." (See Doc. 251). However, Plaintiff did not agree to all of the material terms of the agreement. To extent Defendants claim Plaintiff's attorney agreed to the material terms on behalf of Plaintiff, he could not without Plaintiff's express authority.

Under Illinois law, the "authority of an attorney to represent a client in litigation is separate from the authority to compromise or settle a lawsuit." *Blutcher v. EHS Trinity Hosp.*, 321 Ill. App. 3d 131, 136–37, 746 N.E.2d 863, 868–69 (2001). An attorney "must receive the client's express authorization" to settle a lawsuit. *Id*. (citing *Brewer v. National R.R. Passenger Corp.*, 165 Ill. App. 2d 100, 105, 649 N.E.2d 1331, 1334 (1995). "Where a settlement is made out of court and is not made a part of the judgment, the client will not be bound by the agreement without proof of express authority." *Id*. "The burden of proof rests on the party alleging authority to show that fact." *Id*.

In a remarkably similar case, the 7th Circuit reversed a district court's grant of a defendant's motion to enforce a settlement agreement because defendants did not meet their burden of showing that plaintiff's attorney had express authority from his client to enter into the agreement. *Malone v. Godinez*, 59 F. App'x 827, 829 (7th Cir. 2003) (applying Illinois law). In *Malone*, the plaintiff (an Illinois prisoner) filed a civil rights action against the prison warden and a prison guard. Three years after suit was filed plaintiff spoke with his appointed counsel regarding settlement, making several demands. Shortly thereafter, the attorneys for the parties informed the court they had reached a settlement agreement, but needed additional time to put the agreement in writing. *Id*. Defendants then prepared a written settlement agreement containing some, but not all, of plaintiff's demands. Upon seeing the agreement, plaintiff filed a motion, along with an affidavit asserting that he did not agree to the terms in the written agreement and that he had not given his attorney the authority to settle the case on the terms contained in the written agreement. *Id*.

Defendants then filed a motion to enforce the settlement agreement, claiming the parties had agreed to the terms contained in the unsigned agreement and entered into a valid oral agreement. The trial court agreed and, without an evidentiary hearing and over plaintiff's

objection that he never agreed to the terms of the settlement agreement, granted the motion to enforce the settlement agreement. *Id*.

On appeal, plaintiff again claimed that he did not agree to the terms in the settlement agreement and did not expressly authorize his attorney to enter into the agreement. Defendants argued that the parties had entered into a valid oral agreement and that plaintiff's attorney had authority to enter into the agreement. However, citing *Brewer*, the 7th Circuit noted that "when a settlement agreement occurs out of court and outside the client's presence . . . the agreement is valid only if the client expressly authorized the client's attorney to enter into the agreement." *Id*. In reversing the trial court's enforcement of the settlement agreement, the 7th Circuit concluded that the defendants had not met their burden of showing that plaintiff expressly authorized his attorney to enter into the agreement. *Id*.

This case should be no different.  Plaintiff has made it clear that he never agreed to settlement and was to have the final say in what claims and defendants were dismissed – as he has every right to do.  Given that no settlement was ever reached, Plaintiff respectfully requests that this court set aside the judgment, refuse to enforce settlement, and set this matter for trial.

WHEREFORE, Plaintiff David Robert Bentz respectfully requests this Court set aside the judgment, deny Defendants' Motion to Enforce the Settlement, and for such other relief this Court deems just and proper.

Respectfully submitted,

SmithAmundsen LLC

By:      /s/ Patrick A. Bousquet
      Patrick A. Bousquet, #6295945
      120 South Central Avenue, Suite 700
      St. Louis, MO 63105
      (314) 719-3768
      Fax: (314) 719-3769
      Email: pbousquet@salawus.com
      *Attorneys for David Robert Bentz*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of August, 2020, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                          /s/ Patrick A. Bousquet