IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ,                       )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )          Case No.   14-cv-1132-RJD
                                          )
WILLIAM REESE, et al.,                    )
                                          )
          Defendants.                     )

## ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Combined Motion to Set Aside Judgment and Enforce Settlement (Doc. 251).  For the reasons set forth below, the Motion to Set Aside Judgment is **GRANTED**, and the Motion to Enforce Settlement is **DENIED**.

This matter was set for jury trial on December 10, 2019.  On December 3, 2019, Plaintiff filed a notice of settlement (Doc. 244), indicating his agreement to dismiss the remaining claims and defendants from this action.  Pursuant to Plaintiff's notice, the Court vacated the December 10, 2019 jury trial and entered a 60-day order, indicating judgment would be entered on April 9, 2020.  This date was automatically extended 60 days pursuant to Administrative Order No. 261. On June 5, 2020, Plaintiff sought to postpone the entry of judgment 30 days, indicating the parties had failed to finalize the settlement.  The Court granted Plaintiff's motion, and indicated judgment would be entered on July 6, 2020.  The Court entered judgment on July 6, 2020.  On July 15, 2020, Defendants filed the motion now before the Court.

In the motion to set aside judgment and enforce settlement, Defendants assert that Plaintiff has failed to abide by the terms of the settlement, and has failed to execute the settlement

documents.   Defendants note that the settlement terms affect not only this case, but also affect claims in other cases.   Defendants urge that setting aside the judgment in this case is appropriate where Plaintiff entered into a binding agreement to settle this matter, but has failed to execute the settlement documents.   Defendants argue a settlement agreement was established insofar as there was an offer, acceptance, and a mutual meeting of the minds on all material elements.   Defendants also assert they relied on Plaintiff's acceptance of the terms of settlement and drafted the paperwork under the expectation that the case was settled.   Accordingly, Defendants argue the settlement agreement should be enforced as a matter of equity.

Plaintiff responded to Defendants' motion (Doc. 255), and explains that there was no settlement as there was never a meeting of the minds.   More specifically, counsel for Plaintiff explains that the parties had agreed on a monetary amount, and Plaintiff had agreed to dismiss certain defendants and certain claims from other actions pending against Illinois Department of Corrections employees.   Plaintiff and counsel worked together to determine what additional claims and defendants in other matters Plaintiff would be willing to dismiss, and counsel believed she had the authority to select the claims and defendants that were to be dismissed and advise the Court that a settlement had been reached.   Plaintiff, however, has clarified with counsel that he only authorized counsel to select the claims and defendants to be dismissed, and that counsel was to give Plaintiff an opportunity to review the same prior to formalizing a settlement.

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect, or for any other reason that justifies relief.   FED. R. CIV. P. 60(b)(1), (6).   Based on the representations of the parties, it appears appropriate to set aside the judgment in this case.   Clearly, judgment was entered on the mistaken premise that Plaintiff and Defendants had agreed on material terms of settlement.

Page **2** of **3**

Furthermore, because counsel was mistaken as to their authority and there is insufficient evidence that Plaintiff had agreed to the terms of the settlement in this matter, the Court declines to enforce any settlement.  *See Bradbury v. Morris Hospital*, Case No. 18-C-3227, 2019 WL 2387577, *2 (N.D. Ill. Feb. 26, 2019) ("an attorney's authority to agree to an out-of-court settlement will not be presumed and the burden of proof rests on the party alleging authority to show that fact.") (internal quotations and citation omitted).

For these reasons, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.  The judgment entered on July 6, 2020 is **VACATED**.   A status conference is set for **October 13, 2020 at 10:30 a.m.**   The parties should call Judge Daly's conference line at 618-439-7731 to join the call.

**IT IS SO ORDERED.**

**DATED: September 29, 2020**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**